Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1145 | **DATE** | 2/8/2001 |
| **CASE TITLE** | LYNN MARIE BUTZEN vs. AMERICAN FARM BUREAU | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Discovery to close on March 5, 2001. Pretrial order due March 12, 2001. Dispositive motions due March 12, 2001. Pretrial conference set for March 19, 2001 at 11:00 a.m. Enter memorandum opinion and order. Plattsmier's motion to dismiss counts IV through VII for lack of jurisdiction is granted in part and denied in part.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 0 9 2001 date docketed | |
| | Notified counsel by telephone. | | | 32 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | FEB 0 9 2001 date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LYNN MARIE BUTZEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 1145 |
| v. ) | |
| ) | Judge John W. Darrah |
| AMERICAN FARM BUREAU, ) | |
| FEDERATION, a not for profit Corporation, and ) | |
| RANDY PLATTSMIER, individually, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED
FEB 09 2001

Plaintiff, Lynn Marie Butzen, filed suit against defendants, the American Farm Bureau Federation and Randy Plattsmier (Plattsmier), alleging a hostile work environment and quid pro quo sexual discrimination in violation of Title VII of the Civil Rights Act of 1964, Count I and II, respectively; retaliation, Count III; intentional infliction of emotional distress, Count IV; negligent infliction of emotional distress, Count V; assault, Count VI; battery, Count VII; and negligent supervision, Count VIII. In June, 2000, the Court dismissed with prejudice Counts I, II, and III against Plattsmier. Before this Court is Plattsmier's Motion to Dismiss Counts IV through VII pursuant to Rule 12(b)(1) and Plattsmier's Motion to Dismiss Counts IV and V pursuant to Rule 12(b)(6).

Plaintiff alleges that she worked as an administrative assistant to Plattsmier in July, 1998. Shortly after her first positive review, she was subjected to unwanted and uninvited sexual advances by Plattsmier at a dinner business meeting at which time Plattsmier changed the topic from business to that of plaintiff, attempted to hold her hands, and placed his hand on her thigh when they were alone at the table. After reporting Plattsmier's conduct, Plattsmier began making negative statements

32

to people at the company concerning plaintiff, Plattsmier would not speak with plaintiff, and she received negative reviews from Plattsmier. In January, 1999, while attending an annual out-of-town meeting, plaintiff was subjected to more unwanted and uninvited sexual advances by Plattsmier. While at the hotel bar, Plattsmier, twice, inserted his hand under plaintiff's coat and moved it up her back. Plaintiff reported Plattsmier's conduct to the company, and he partook in the same negative conduct as when plaintiff first complained.

Plattsmier first argues that Counts IV through VII of plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1) because this Court does not have subject matter jurisdiction over those claims. He further alleges that it would not be proper for this Court to exercise supplemental jurisdiction over the claims. In support of his argument, defendant cites pre-1990 case law, such as *Aldinger v. Howard*, 427 U.S. 1 (1976) and *Zabkocic v. West Bend Co.*, 789 F.2d 540 (7th Cir. 1986), that is no longer applicable after December 1, 1990 due to the passage of 28 U.S.C. § 1367. See *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (*Ammerman*); *Bright v. Roadway Serv., Inc.*, 846 F.Supp. 693, 698-99 (N.D.Ill. 1994) (*Bright*); *American Pfauter, Ltd. v. Freeman Decorating Co.*, 772 F.Supp. 1071, 1073 (N.D.Ill. 1991) ("Section 1367(a) overrules previous case law, specifically ... *Aldinger v. Howard* ... prohibiting 'pendent party jurisdiction.'").

Section 1367(a) provides that with limited exceptions, a federal district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy...." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim would substantially predominate over the claims over which the court has original jurisdiction; (3) the district court has dismissed all claims over which

it had original jurisdiction; or (4) other compelling reasons justify declining jurisdiction. 28 U.S.C. § 1367(c). Accordingly, this Court may hear both state and federal claims where the federal claim has sufficient substance to confer subject matter jurisdiction on the Court, and the federal and state claims derive from a common nucleus of operative facts. *Ammerman*, 54 F.3d at 424. "A loose factual connection between the claims is generally sufficient." *Ammerman*, 54 F.3d at 424.

In the instant case, the federal claims under Title VII remain against the American Farm Bureau Federation. The supplemental state claims of intentional and negligent infliction of emotional distress, assault, and battery arise from the same conduct alleged in the discrimination counts and are so related to those claims that they form part of the same case or controversy. Furthermore, none of the exceptions listed in 28 § 1367(c) are applicable to the present case. Accordingly, this Court retains jurisdiction over Counts IV through VII of the complaint against Plattsmier. See *Quela v. Payco-General American Credits, Inc.*, 84 F.Supp.2d 956, 960-61 (N.D.Ill. 2000) (supplemental jurisdiction found over assault and battery claims that were relevant to Title VII claims); *Bright*, 846 F.Supp. at 699 (supplemental jurisdiction over intentional infliction of emotional distress arose from same conduct giving rise to Title VII and ADEA claim).

Plattsmier also argues that Counts IV and V should be dismissed pursuant to Rule 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim may be granted if it is beyond a doubt that the plaintiff is unable to prove any set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*Conley*). The Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiff. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Under the Federal Rules of Civil Procedure, a complaint need only state "a short and plain statement of the claim showing that the pleader is entitled to relief" to be sufficient. Fed.

R. Civ. Proc. 8(a).

Defendant alleges that plaintiff's intentional infliction of emotional distress claim should be dismissed because it fails to sufficiently allege the elements of a cause of action under Illinois law. Under Illinois law, a plaintiff may only recover damages for intentional infliction of emotional distress if she establishes that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would inflict severe emotional distress; and (3) the defendant's conduct did cause severe emotional distress. *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997); *McGrath v. Fahey*, 126 Ill. 2d 78, 87; 533 N.E.2d 806, 809 (1988) (*McGrath*). "[T]he tort does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *McGrath*, 533 N.E.2d at 809 quoting Restatement (Second) of Torts § 46, comment d, at 73 (1965). "Illinois cases in which intentional infliction of emotional distress has been sufficiently alleged have ... frequently involved a defendant who stood in a position of power or authority relative to the plaintiff." *McGrath*, 533 N.E.2d at 810.

Defendant asserts that plaintiff's allegations "pale in comparison with those found sufficient to state a cause of action...." However, as stated above, a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim (*Conley*, 355 U.S. at 45-46). Based on the allegations in plaintiff's complaint, this Court cannot conclude that, at this point of the litigation, the plaintiff would be unable to prove sufficient facts to support her claim against Plattsmier. See *Ruich v. Ruff, Weidenaar & Reidy, Ltd.*, 837 F.Supp. 881, 885 (N.D.Ill. 1993) (denying dismissal of intentional infliction of emotional distress claim because the court was unable to conclude plaintiff could not prove her claim).

Defendant also argues that Count V, a claim for negligent infliction of emotional distress, should be dismissed because it is barred by the exclusivity provisions of the Illinois Worker's Compensation Act (IWCA), 820 ILCS 305/1 *et seq.* Section 5(a) of the IWCA states that an employee has no common law or statutory right to recover damages for an injury beyond the statute if the injury was sustained while the employee was engaged in the line of duty. 820 ILCS 305/5(a). The IWCA bars employees from bringing common law tort actions against co-employees for injuries negligently inflicted by co-employees in the course of their employment. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 469; 564 N.E.2d 1222, 1229 (1990) (*Meerbrey*). The purpose of the IWCA is to place the cost of industrial accidents upon the industry. Allowing suits against co-employees for injuries negligently inflicted would thwart the purpose of the Act if the cost of accidents was shifted from one employee to another employee within the industry *Meerbrey*, 564 N.E.2d at 1229.

There are four exceptions to the IWCA's exclusivity provision: (1) the injury was not accidental; (2) the injury did not arise from her employment; (3) the injury was not received during employment; or (4) the injury was not compensable under the IWCA. *Meerbrey*, 564 N.E.2d at 1226. Plaintiff argues that the claim should not be dismissed because she believes that, based on the case law concerning the IWCA and compensation for psychological disabilities she would not prevail under the IWCA; therefore, she should be able to proceed in this court. However, plaintiff concedes that psychological disabilities have been found compensable under the IWCA. Furthermore, the argument that actions for negligent infliction of emotional distress should not be barred by the IWCA because the injury was not compensable under the IWCA has been rejected. See *Porter v. International Business Machines Corp.*, 21 F.Supp.2d 829, 833 (N.D.Ill. 1998);

5

*Ehrhart v. Lexis-Nexis*, 1999 WL 1267705, No. 98 C 8441 (N.D.Ill. Oct. 12, 1999). Accordingly, Plattsmier's Motion to Dismiss Count V of plaintiff's complaint as to defendant Plattsmier is granted.

Plattsmier's Motion to Dismiss Counts IV through VII for lack of jurisdiction is denied. Plattsmier's Motion to Dismiss Count IV is denied, and Plattsmier's Motion to Dismiss Count V is granted with prejudice as to defendant Plattsmier.

Dated: February 8, 2001

JOHN W. DARRAH
United States District Judge